Thomas D. Mauriello (State Bar No. 144811)
MAURIELLO LAW FIRM, APC
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Tel: (619) 940-1606
Fax: (949)606-9690
Email: tomm@maurlaw.com

*Attorneys for Petitioner*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Josephine Ballon and Avital Grinberg,<br><br>Petitioners,<br><br>to Take Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Litigants or Proceedings. | Case No.: _____<br><br>APPLICATION FOR ORDER ALLOWING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 AND MEMORANDUM OF LAW IN SUPPORT |

Petitioners Josephine Ballon and Avital Grinberg (together, "Petitioners"), by their undersigned counsel, respectfully submit this application for an order pursuant to 28 U.S.C. § 1782(a) authorizing Petitioners to conduct certain document discovery for use in foreign proceedings and this memorandum of law in support of the application.  Petitioners seek permission to serve subpoenas upon X Corp. for documents and deposition testimony in aid of Petitioners' prosecution of claims pending in a court in Germany.  Copies of the proposed subpoenas to X Corp. are annexed to the Ballon Decl. as Exhibits 1 and 2 thereto.  The facts supporting this application are more fully set forth in the accompanying Declaration of Josephine Ballon (executed on January 21, 2025) (the "Ballon Decl."), a plaintiff and the CEO of HateAid gGmbH, a leading NGO committed to countering online violence.

In light of the prior related action, this submission and the concurrent filings are on notice to X Corp. by delivery to its counsel in that matter.

# MEMORANDUM IN SUPPORT

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Petitioners are the plaintiffs in civil proceedings pending in Germany before the Kammergericht in Berlin (Berlin Higher Court), a judicial body and court of second instance that will adjudicate the case. *See* Ballon Decl. at ¶¶ 3, 5. In the German Action, Petitioners allege that the defendant in that case, Twitter International Unlimited Company ("TIUC"), an Irish entity, has breached its own terms of service (the "ToS"), including various policies and rules referenced and embraced within the ToS supposedly designed to prevent and curb hateful, abusive, racist, antisemitic, and in some cases illegal, posts and tweets. *Id*. at ¶¶ 6-25. Petitioners' German Action seeks declaratory and injunctive relief as well as a fine and potential damages from TIUC for its failure to properly implement and enforce its ToS with respect to six specific tweets, referred to in the Ballon Decl. and herein as the "Offending Tweets."

TIUC is a foreign subsidiary of X Corp. incorporated under the laws of Ireland. X Corp., the discovery target herein, maintains offices in Palo Alto and San Jose, and is thus readily found in this District. Ballon Decl. at ¶ 3. X Corp. is not a defendant in the German Action. *Id*. at 27.

In seeking to defend itself in the German Action, TIUC has claimed in defense, without any proof, that it in fact took appropriate action with respect to each of the Offending Tweets, a contention Petitioners dispute. *Id*. at ¶¶ 21-22. By this application, Petitioners seek to request a narrowly tailored universe of documents from X Corp. specifically related to the policies and Offending Tweets at issue. *E.g.*, *id*. at ¶¶ 27, 29. As described below, Petitioners seek this discovery for use in the German Action. *Id*. at ¶ 29, 31-33.

As set forth in the Ballon Decl., there is reason to believe that X Corp. possesses relevant and discoverable information. *Id*. at ¶ 27. The nine proposed document requests to X Corp. are specifically directed to the policies, procedures and rules applicable to the Offending Tweets and the manner of their actual application to the Offending Tweets. *See Id*. at ¶ 29. The discovery of the requested documents will bear significantly on the issues and course of Petitioners' claims in the German Action. Likewise, the proposed deposition of X Corp. seeks sworn testimony on these same subjects. *Id*. at ¶ 30.

As set forth below, Federal law authorizes this Court, pursuant to 28 U.S.C. § 1782(a), to grant discovery for use in a foreign proceeding upon the application of an interested person. As shown below, Petitioners are "interested persons" entitled to invoke Section 1782(a) and therefore respectfully seek an order granting leave to obtain production of the requested documents, and for a Fed. R. Civ. P. Rule 30(b)(6) deposition from X Corp. for discovery about conduct forming the basis of Petitioner's claims in the German Action. The proposed discovery sought is reflected in proposed subpoenas attached to the Ballon Decl. as Exhibits 1 and 2 thereto.

Finally, to be clear, this application is a renewed effort following the denial of an earlier application by the Court, under Docket No. 4:23-mc-80235-HSG. At the time of denial, the status of the German Action matter was not clear to the Court and the record, while reflecting that an appeal was to be taken, did not reflect that further proceedings had commenced in the form of an appeal. A copy of the order denying that application is annexed to this memorandum as Exhibit 1 hereto. This application is filed in light of and makes clear the pendency of petitioners' foreign proceeding.

# ARGUMENT

## I. THIS APPLICATION SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782(a)

Section 1782(a) authorizes U.S. district courts to grant discovery of documents or information located in the district to foreign litigants for use in foreign proceedings. Section 1782(a) states pertinently:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to . . . the application of any interested person . . . .

28 U.S.C. § 1782(a).

The statutory requirements are straightforward.  An application must establish that "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); see also *In re Hybe Co.*, No. 24-mc-80228, 2024 WL 4906495, at *2 (N.D. Cal. Nov. 27, 2024); *In re ex parte Application of Shueisha Inc.*, No. 23-mc-80162-SK, 2023 WL 5993052 at *1 (N.D. Cal. Aug. 8, 2023).  Each of these factors is met here.

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, at 247, 261-63 (2004). "Section 1782 is a provision for assistance to tribunals abroad.  It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist" in the United States.  *Id.* at 244.  A district

Application for Discovery and Memorandum of Law in Support

court may order the production of documents or testimony for use in a foreign legal proceeding under Section 1782 as long as the disclosure would not violate a legal privilege. *Id.* at 249.

A district court's discretion is guided by the twin aims of Section 1782: (1) providing efficient means of assistance to participants in international litigation in our federal courts, and (2) encouraging foreign countries by example to provide similar means of assistance to our courts. *See Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004)); *In re Ex Parte Application of Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

1. <u>X Corp. Is Found in This District</u>

X Corp. is found in this District, as it maintains offices in both San Jose and Palo Alto, in this District. *See* Ballon Decl. at ¶ 3; *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-1157490, 2022 WL 1157490 at *3 (N.D. Cal. April 19, 2022) ("Twitter's headquarters are in San Francisco, California, which is in this district."); *see also Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. November 20, 2017) ("Google is headquartered in this District and is 'found' here for purposes of § 1782"). The first requirement is therefore met. Likewise, even after X Corp. moved its headquarters to Texas, its counsel has never objected to continuing proceedings in this District and X Corp. continues to litigate many matters here.

2. <u>Discovery Sought is "For Use" in a Foreign Proceeding</u>

The second statutory requirement is also met, as the discovery sought is for use in a proceeding before a foreign tribunal within the meaning of Section 1782. "[For use] indicates something that will be employed with some advantage or serve some use in the proceeding …."

*Mees v. Buiter*, 793 F. 3d 291, 298 (2d Cir. 2015)).  The requirement for a "proceeding" is one in which "an adjudicative function is being exercised." *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996).  Specifically, "[a] party…must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be 'permissive' in interpreting that standard." *Rainsy v. Facebook, Inc.*, 311 F. Supp.3d 1101, 1110 (N.D. Cal. 2018).  Here, the documents requested relate specifically to the policies and procedures applicable to the Offending Tweets, to their application to the Offending Tweets, and to communications surrounding the process of examining and dealing with the Offending Tweets, all matters which are highly relevant to Petitioners' claims, and are important in establishing what if anything happened with the Offending Tweets, which in turn will be of significant value in proving the claims or addressing any defenses in the Landgericht Berlin.  Ballon Decl. ¶¶ 25, 28; see also 31 (". . . Petitioners will use that information in the development of its claims, and to refute or elucidate positions taken by TIUCin the German Action, and we will submit that evidence to the Kammergericht . . .").

The Kammergericht is a court of second instance (akin to an appellate court) that will hear the entire matter *de novo*, including considering evidence and new evidence, and it may decide both the jurisdiction and the merits issues before it.  Ballon Decl. ¶ 5.  The Kammergericht is thus an appropriate foreign tribunal for Section 1782 purposes, and the discovery sought by this application is plainly "for use" before it in the German Action, just as it was in *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 83 (2d Cir. 2012) (reversing denial of discovery, stating that § 1782 discovery was warranted where there was appeal pending in Germany, and where there were circumstances under which the appellate court could hear new evidence, meeting the "for use" requirement).  While the admissibility of the evidence may be contested by TUIC in the German Proceeding, it is normally beyond the purview of this Court to weigh the admissibility of anything that Petitioners may discover and use in the German Action.  *See In re Qualcomm Inc.*, Case No.18-mc-80134-NC, 2018 WL

6660068 at *3 (N.D. Cal. Dec. 19, 2018) (Cousins, M.J.) (citing, among others, *Brandi Dohrn* at 82 ("[District courts] should not consider the admissibility of evidence in the foreign proceeding in ruling on a section 1782 application.")).

Thus, the discovery sought here is undoubtedly for use in a proceeding before a foreign tribunal or in a foreign proceeding.

### 3. Petitioners Are Interested Parties Within the Meaning of § 1782

Finally, there is no doubt that Petitioners, as the plaintiffs in the German Action (id. at ¶ 2), meet the definition of "an interested person" within the meaning of Section 1782. *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (interested party includes "litigants before foreign or international tribunals…as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.")

Thus, pursuant to 28 U.S.C. § 1782(a), this Court has authority to grant Petitioners the requested discovery.

## II. THE DISCRETIONARY FACTORS FAVOR GRANTING THE APPLICATION

Once all of the elements of Section 1782(a) are met, requests for assistance should be liberally granted. "A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *In re Futurecorp Intern. Pty Ltd*, No. C12–80267, 2012 WL 5818288, at *2 (N.D. Cal. November 15, 2012) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)); *see also Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (twin aims of

the statute are to make equitable and efficacious discovery available for the benefit of foreign litigants and foreign tribunals, and to encourage foreign countries by example to provide similar assistance to our courts).

The Supreme Court has identified four factors that "bear consideration" by courts ruling on Section 1782 applications: "(1) whether the 'person from whom discovery is sought is a participant' in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *London v. Does 1-4*, 279 Fed. Appx. 513, 515 (9th Cir. 2008) (citing *Intel,* 542 U.S. at 264-65).  The statutory purpose of the statute, as well a consideration of each of these factors strongly favors granting the instant application.

The first *Intel* factor instructs district courts to consider whether the requested discovery is party discovery.  *Intel*, 542 U.S. at 264.  While party discovery is not excluded from Section 1782 assistance, where Section 1782 is being used for party discovery, closer examination of the application is encouraged.  *Id.*

Here the discovery target – X Corp. – is not a participant in the German Action.  Ballon Decl. ¶ 26.  Where, as here, a party to the foreign litigation is a subsidiary of a corporate parent and the parent is the target of the Section 1782 application, courts have recognized that such discovery is properly allowed.  *See In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016) (even where the party in the foreign litigation was the parent (i.e. the opposite of the power dynamic between parent and subsidiary presented in this application), discovery from the U.S. subsidiary was allowed);

*In re Appl. for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1031 (N.D. Ill. 2006) (finding first *Intel* factor weighed in favor of granting § 1782 application when applicants sought discovery from McDonald's (the parent corporation), but its wholly-owned subsidiary McCal was the party in the foreign proceeding, noting, "McDonald's and McCal are two separate legal entities and McDonald's is merely the shareholder of McCal."); *see also In re Pidwell*, No. 121-MC-0166 (ALC) (KHP), 2022 WL 192987, at *5 (S.D.N.Y. Jan. 21, 2022) ("[T]he fact that a U.S. affiliate may have some of the same documents as its foreign affiliate in the foreign litigation does not weigh against granting the requested discovery"); *In re Belparts Grp., N.V.*, No. 3:21-MC-0062 (VAB), 2021 WL 4942134, at *4 (D. Conn. Oct. 22, 2021) (subsidiary of foreign parent company that was participant in foreign proceedings could properly be ordered to produce discovery under Section 1782 where the two were separate legal entities.); *In re Top Matrix Holdings Ltd.*, No. 18 MISC. 465 (ER), 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020) (allowing Section 1782 discovery from the subsidiary (and its CEO) of the parent company that was the party to the foreign litigation notwithstanding the fact that both entities were likely in possession of the same information.); *accord Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*, 384 F. Supp. 2d 45 (D.D.C. 2005) (holding that the court cannot require a wholly-owned American subsidiary to force its foreign parent corporation to submit to discovery.)

Especially in German litigation, where there are no comparable discovery procedures (Ballon Decl. at ¶ 26), the need for this discovery is particularly evident. See *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011)) (acknowledging that a German litigant "cannot obtain even remotely comparable discovery by utilizing German procedures….") Thus, this factor weighs in Petitioner's favor.

Likewise, the second *Intel* factor also weighs in favor of granting this application. In considering the foreign tribunal's receptivity to U.S. judicial assistance, "the district court is to assume that the foreign tribunal would be receptive to evidence discovered through a § 1782 request absent 'authoritative proof' to the contrary." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2nd Cir. 1995); *accord Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019); *In re Med. Corp. H&S*, No. 19-mc-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019); *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016).

Here, Petitioner seeks the discovery to help establish the timeline or nonoccurence of certain relevant events and to prove claims and challenge defenses in the German Action, and Petitioners' declarant, an experienced lawyer in Germany, attests that she is aware of no rule or policy that would preclude submission of evidence obtained in this matter in the German Action. *See* Ballon Decl. at ¶ 34; *see also Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO, 2020 WL 820327, at *5 (N.D. Cal. February 19, 2020) (weighing the second *Intel* factor in favor of petitioner due to declarations from foreign counsel state that the discovery would not offend the foreign court). Thus, the second *Intel* factor weighs in Petitioner's favor.

The third *Intel* factor requires the Court to consider "whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Here, there is nothing to suggest that Petitioners are seeking to evade any rules of the German court. *See In re Ex Parte Motorola Mobility LLC*, No. C 12-80243 EJD, 2012 WL 4936609, at *2 (N.D. Cal. October 17, 2012) (determining that this factor weighs in petitioner's favor "[b]ecause there is no indication in the record of an attempt to subvert a foreign tribunal's restrictions"). Because Petitioner is not

-10-

attempting to circumvent foreign proof-gathering restrictions, the third *Intel* factor weighs in his favor.

Finally, the fourth *Intel* factor weighs in favor of granting the application because the discovery sought is not overbroad or unduly burdensome.  The documents sought are highly probative to the Petitioners' claims and the defenses and their limited nature makes them proportional to the needs of the case.  Producing certain specifically identified policies and procedures and documents pertaining to the application of those policies and procedures to a total of six tweets reflects a highly focused tailoring of Petitioners' requests.

Although Petitioners have made every effort to draft narrowly tailored requests, upon allowance of the discovery, Petitioners' counsel stands ready to negotiate in good faith to the extent necessary to alleviate any genuinely undue burdens that may be imposed by the requests. *See Xie v. Lai*, No. 19-mc-80287-SVK, 2019 WL 7020340, at *4 (N.D. Cal. December 20, 2019) (*Intel* factor weighs in favor of granting application in part because petitioner worked with Google to avoid burdensome or oppressive requests).

Therefore, all four *Intel* factors weigh in favor of granting the requested discovery. Because the document requests have been narrowly crafted and are specifically drafted with concern for avoiding burden, Petitioners respectfully submit that the application should be granted in its entirety.

# CONCLUSION

For the foregoing reasons, as well as those set forth in the accompanying Declaration of Josephine Ballon, Petitioners respectfully request that the Court enter an order authorizing them to conduct the requested discovery in this District pursuant to 28 U.S.C. § 1782.

DATED:  January 23, 2025

MAURIELLO LAW FIRM, APC

By:   /s/ Thomas D. Mauriello
     Thomas D. Mauriello
     (State Bar No. 144811)
1230 Columbia Street, Suite 1140
San Diego, CA 92101
Tel: (619) 940-1606
Fax: (949)606-9690
Email: tomm@maurlaw.com

-and-

STONE LAW GROUP PLLC

By:   /s/ Ralph M. Stone
     Ralph M. Stone
     (pro hac vice application forthcoming)
620 Fifth Avenue, 2nd Floor
New York, NY 10020
(212) 239-1550
Email: rs@stonepllc.com

*Attorneys for Petitioners*